UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jackie Williams, #231414,<br><br>     Petitioner,<br><br>  v.<br><br>Mr. Collie Rushton, Warden of McCormick Corr. Inst.; and Mr. Henry McMaster, Attorney General State of South Carolina,<br><br>     Respondents. | C/A No. 6:05-915-GRA<br><br>ORDER<br>(Written Opinion) |

  This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed March 29, 2005. Petitioner claims to seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The magistrate recommends the case be dismissed without prejudice and without requiring respondents to file a return.

  Petitioner is a state prisoner currently incarcerated at the McCormick Correctional Institution in McCormick, South Carolina. Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.

1

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on April 18,

2005, arguing that the instant petition for habeas corpus relief is not successive[1] since his first petition was made before the appellate record was complete in his state proceedings. However, 28 U.S.C. § 2244(b)(3)(A) is unambiguous in its requirement that the petitioner must first receive a Pre-Filing Authorization (PFA) from the Fourth Circuit Court of Appeals authorizing this Court to consider the application if the current petition under § 2254 is not his first application. That is exactly the situation here. Since petitioner has not received the requisite authorization, this Court cannot consider the application.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that petitioner's claims are DISMISSED without prejudice and without requiring respondents to file a return.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   8  , 2005.

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date

---

[1] Petitioner acknowledges that this is his second petition for relief under § 2254. Pet. at 1.

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.